## RECEIVER FOR PROTECTION OF A SURETY.

Common Pleas Court of Hamilton County.

JOHN A. PAYNE v. THE GEORGE H. STAPELY COMPANY.

Decided, August, 1908.

*Receiver—Jurisdiction for Appointment of—May be Named on Application of a Surety, When—Pleading—Insolvency—Attachment—Section 5539—Words and Phrases.*

1. An allegation that a defendant is probably insolvent is equivalent to and probably stronger than the statutory phrase "in imminent danger of becoming insolvent," and is sufficient to sustain an order appointing a receiver.
2. A court has jurisdiction under the rules of equity and in view of the provisions of Section 5539 to appoint a receiver for the protection of a surety for rent which has accrued and will accrue under a lease, who further alleges that he is a stockholder of the defendant company and also a large creditor and many attachment suits have been commenced against the company in various places and others are threatened.

*Cohen & Mack,* for plaintiff.
*H. R. Probasco,* for Memphis Commission Co.

SWING, J.

The Memphis Commission Company, which has been made a party defendant in this case and which filed an answer and cross-petition May 13, 1908, afterwards, on May 29th, filed its motion and application to the court "to dissolve and hold for naught the order herein made appointing a receiver."

The principal grounds upon which this action is asked are substantially that the petition does not state facts sufficient under our statute and the usages of equity to warrant the appointment of a receiver or to give the court jurisdiction to appoint, and that no other facts than those alleged have been shown; and that the action is solely for the appointment of a receiver and not for any other relief to which the appointment is ancillary.

On June 3, 1908, an amended petition was filed by leave, making substantially the same allegations as in the original petition,

but more full and complete, and in some respects more exactly in the language of the statute as to the appointment of receivers. The motion, being filed before the amended petition, was intended to apply to the original petition; but the whole matter was argued to me upon the pleadings as they stand.

The original petition alleges that plaintiff is a stockholder of the George H. Stapely Company, also a creditor to the amount of about $10,000, and that "he is *personally financially responsible as surety for certain obligations of the defendant company, to-wit, for rent and certain leases of said defendant company,*" and it is shown that some of the rent was unpaid. He also alleges that "various suits have been brought against the defendant company in attachment and garnishment in various parts of the United States and Canada, and that the funds of the defendant company at various places have been tied up and placed beyond the control of the defendant company, and that other such suits are threatened, which will interfere with the conduct of the business of the company and make it impossible to carry it on properly"; that the company *is "probably insolvent"* and that plaintiff "is in jeopardy as surety upon the said obligations of the company" for rent; and various other things are alleged. The prayer is that a receiver be appointed to take charge and dispose, under the orders of this court, of the assets of the corporation; to convert to the best advantage all of its assets into money; to pay and discharge its obligations; and for such other relief as may be proper.

To the original petition the defendant company filed an answer, before the appointment of the receiver, in which it "admits all the allegations of the petition to be true, and joins in the prayer of the petition for the appointment of a receiver."

The defendant, the Memphis Commission Company, in its answer and cross-petition, alleges that it is a creditor of the company and that "it is informed and believes" that the defendant company "is wholly insolvent and unable to pay its debts, and that if said corporation is not insolvent or unable to pay its debts, it is in imminent danger of insolvency, and owes a large amount of debts and claims which it is unable to pay"; but al-

leges that the petition of plaintiff does not set forth facts suffi-cient "to entitle him to the appointment of a receiver." The cross-petition prays for the appointment of "a master to ascer-tain and report who the stockholders of said corporation are," what subscriptions if any to the capital stock are unpaid, what property and business the company has, and for all proper relief.

It complains among other things, by the motion to vacate the appointment, that the petition does not allege that the defend-ant company is either insolvent or in imminent danger of be-coming insolvent, according to the terms of the statute. The petition does not use the language of the statute, but says as above set forth, that the company is "probably insolvent." It does, however, set forth facts and make allegations showing that the company is "in imminent danger of becoming insolvent." The facts alleged as to attachment suits in many places and the jeopardy in which plaintiff alleges he is placed as surety for the defendant company and all the allegations taken together are sufficient, if indeed there could be any question as to the suffi-ciency of an allegation of "probable insolvency." To say that the company is "probably insolvent" is quite as much as to say that it is "in imminent danger of becoming insolvent," and in-deed is saying more. But, as stated above, the Memphis Com-mission Company, by its answer and cross-petition, removes any question as to the facts, so far as the allegations in the pleadings are concerned, by alleging itself that the company is either "in-solvent or in imminent danger of becoming insolvent."

Furthermore, it was shown upon the hearing of the motion to vacate the appointment, by the statements of the receiver in re-sponse to questions by counsel for the Memphis Commission Company, that the Stapely Company is in fact insolvent. His statement of the assets and liabilities that have come to his knowl-edge shows it to be badly insolvent.

But it is claimed by the Memphis Commission Company that the plaintiff does not set forth in his petition facts showing him to have such an interest as, under the law and the usages of equity, entitled him to ask for a receiver, does not state facts sufficient to give the court jurisdiction to appoint a receiver.

It is held in *Barbour* v. *National Exchange Bank,* 45 O. S., 133, that a *surety* may have recourse to a court of chancery for its aid in protecting him, and a receiver may be appointed to preserve the property for his protection. The whole question of the jurisdiction of the court to appoint a receiver in such a case is discussed and decided by the court in that case, the court saying, page 141: "Our conclusion is, that the appointment was authorized and valid." Indeed, not taking time to quote the opinion more fully or to refer to the authorities cited by the court in the opinion, it does not leave the question of jurisdiction in the Stapely case open to doubt. So there is here a case of an action *by a person who is surety* for rent under a lease, in addition to being a stockholder in and a large creditor of the company, and many attachment suits commenced in various places and others threatened, and the business can not be carried on successfully under the circumstances, and the facts admitted by the Stapely Company, and afterward more fully alleged as to the insolvency and the attachments by the Memphis Commission Company, and the insolvency shown by proof in open court on the hearing of the motion to vacate.

It may be added, though not necessary, that our statute specifically provides for the appointment of a receiver on application of the plaintiff in an attachment case (Section 5539, Revised Statutes). The Stapely case is not a suit in attachment, but the company by its answer joins with the plaintiff in asking for a receiver, because numerous attachment suits have been commenced in various places.

In the case of *N. Y. Rubber Co.* v. *Gandy Belting Co. et al*, 11 O. C. C. Rep., 618 (Cuyahoga county), it is held, as stated in the syllabus:

"Where, subject to a levy of attachment, *the debtor corporation applies for and obtains a receiver to wind up its affairs*, and the books of account taken in attachment are turned over to the receiver of the corporation, under an order to collect the accounts and bring the proceeds into court, *the order is equivalent to appointing a receiver in the attachment case*, and the attaching creditor may preserve his priority and work out his rights through the receiver of the corporation."

There are facts in the New York Rubber Company case not in the Stapely case that may be and probably are sufficient to distinguish it, and it may be that what was done in the Stapely case on application of the company was not equivalent to the appointing of a receiver in the attachment cases under Section 5539, Revised Statutes; but it is clear enough from that section and the rubber company case that the existence of an attachment suit or suits is a most important consideration in the exercise of the discretion of the court in determining whether a receiver should be appointed or not.

Taking all the pleadings and admitted facts in this case into consideration, I think it clear that the court had the jurisdiction to appoint the receiver and that the appointment was properly made— "that the appointment was authorized and valid."